# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUY MARSHALL,** | : | CIVIL NO. 3:09-CV-2531 |
| | : | |
| **Plaintiff,** | : | (Judge Caputo ) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **FEDEX GROUND,** | : | |
| | : | |
| **Defendant.** | : | |

## **MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is an employment discrimination case brought by the Plaintiff, who is proceeding *pro se.* In connection with this litigation the Plaintiff has filed a motion, styled as a Motion to Compel Production. (Doc.17.) In this motion Marshall indicated that he mailed a subpoena for documents to the Pennsylvania Human Relations Commission because he believed that agency possessed documents which would prove the allegations in his complaint. Marshall claimed that the Pennsylvania Human Relations Commission agreed to accept service of this subpoena through the mails. Marshall then alleged that the Commission has now failed to comply with the subpoena. Marshall, therefore, seeks an order directing that agency to comply with this subpoena.

In order to resolve this issue we directed the Commission to file a response to the motion, and brief. The Commission has complied with this instruction, filing a brief which explains that on February 3, 2010, Marshall served this subpoena commanding the Commission to produce, on or about March 26, 2010, the Commission's investigative case files for his case. In response to the subpoena on March 17, 2010, the Commission sent a request to their record center to retrieve the case file, and sent a letter to Plaintiff, informing him that the case file was being retrieved from the Commission's record center and was going to be forwarded to the Commission's Philadelphia Regional Office for review and appropriate disposition. The Commission's March 17, 2010 letter also provided Marshall with the contact information for the Commission attorney responsible for review and disposition of the subpoena.

According to the Commission, Marshal unfortunately failed to contact the Commission attorney responsible for review and disposition of the subpoena, choosing instead to file an Ex-Parte Motion to Compel Production and Motion for Contempt of Court Issued Subpoena, requesting that this Court issue an order granting "monetary sanctions, contempt of court order and compel PHRC to produce records immediately in its entirety."

On or about April 11, 2010, Marshall contacted the Commission by electronic mail (hereinafter "e-mail") and informed the Commission that he had previously issued

a subpoena to the Commission, the Commission had not yet responded to the subpoena, and requested that the subpoenaed case file be sent to him by Friday, April 16, 2010.  On or about April 12, 2010, counsel for the Commission responded to Marshall's April 11 e-mail, and again informed Marshall that the Commission had requested the case file from their record center and forwarded it to the Commission's Philadelphia Regional Office for review and appropriate disposition. Counsel for the Commission further explained to Marshall, in the April 12, 2010 e-mail, that the Commission's review and appropriate disposition generally involves: (1) reviewing the materials in the case file to remove any documents that the Commission believes to be privileged; (2) copying the remainder of the documents; and (3) sending the copied records to the party issuing the subpoena. Counsel for the Commission also provided Marshall with the contact information for the Commission attorney responsible for review and disposition of the subpoena.

The Commission represents that Marshall thereafter failed to contact the Commission attorney responsible for review and disposition of this subpoena. However, according to the Commission, on or about April 12, 2010, the Commission complied with the subpoena issued by Marshall for production of the Commission's case file by copying the non-privileged information in their case file and mailing it to Marshall.  Despite receiving this information, on or about April 17, 2010, Marshall

filed a Brief in Support of his Motion to Compel Production in which he erroneously asserted that the Commission failed to respond to the subpoena at issue. Given the fact that the Commission has responded to the subpoena by transmitting all non-privileged information in its files to Marshall, the Commission now contends that Marshall's motion should be denied.

We agree. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Thus, when a litigant files a motion seeking an order directing some government agency to perform a specific action, once the Government agency acts, it is clear that, in light of this Government action, any motion directing that action is now moot. See e.g., In re Petersen, 2010 WL 749943 (3d Cir. Feb.25, 2010)(action by government official rendered mandamus petition moot); In re Petersen, 350 F.App'x 697 (3d. Cir. 2009)(same); In re Williams, 342 F.App'x 815 (3d Cir. 2009)(same); In re Huertas, 322 F.App'x 174 (3d Cir. 2009)(same); In re Woodruff, 317 F.App'x 224 (3d Cir. 2009)(same). In this case, the Commission represents that it has complied with Marshall's subpoena. In light of this subpoena compliance, Marshall's motion to compel is now moot and should be denied. We agree that the issue has been rendered moot, and that Marshall has

articulated no legitimate basis upon which the Court should consider the related issues of whether sanctions or contempt would be appropriate. The motion will be denied.

Accordingly, for the foregoing reasons, Marshal's Motion to Compel (Doc. 17) is DENIED as moot.

So ordered this 19th day of May 2010.

<u>***S/Martin C. Carlson***</u><br>
Martin C. Carlson<br>
United States Magistrate Judge