IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GUY MARSHALL,
        Plaintiff,                  Case No. 3:09-cv-2531

    -v                                      Judge Caputo
                                              Magistrate Judge Carlson

FEDEX GROUND,
        Defendant.


**PLAINTIFF'S REPLY BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS IN DOCKET NO. 3:09-cv-2531**

/s/ Guy Marshall
Guy Marshall
43 Oneida Drive
Gouldsboro, Pa. 18424
(570) 807-4987

Joseph P Milcoff, Counsel for FedEx Ground
1000 FedEx Drive
Moon Township, Pa. 15108
(412) 859-5918

IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GUY MARSHALL,
         Plaintiff,                      Case No. 3:09-cv-2531

    -v                                  Judge Caputo
                                      Magistrate Judge Carlson

FEDEX GROUND,
         Defendant.

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY BRIEF</u>**

Plaintiff requests that the Court deny defendant's Motion to Dismiss the Amended Complaint pursuant to F.R.C.P. 12(b)(6).

I. INTRODUCTION

On March 27, 2006, plaintiff filed a Complaint with both ("PHRC") and ("EEOC") after exhausting his internal complaint process. The plaintiff was terminated on October 13, 2005 after filing his internal complaint on October 6, 2005. The plaintiff received his right-to-sue letter on September 26, 2009. There exist a genuine issue of material fact in dispute as to the day EEOC mailed the right-to-sue letter and actual date of receipt that requires a hearing.

II. PROCEDURAL HISTORY

Plaintiff filed an complaint with FedEx Alert.( internal complaint process ). While exhausting the internal complaint process, plaintiff filed a dual-complaint with PHRC and EEOC on May 27, 2006, well within 180 days from October 13, 2006. Operation Manager informed plaintiff on October 13, 2006, he was no longer employed with FedEx Ground.

Roseann Demascio was performing the same duties as plaintiff during the months of August and September of 2005 as an package handler. She was not performing her duties as a Service Manager at that time. The plaintiff raised claims in correspondences with PHRC investigator and those claims can be considered by the Court. On September 15, 2009 a right-to-sue notice was dated. There is no date as to when it was mailed, however it was received on September 26, 2009.

The plaintiff filed an pro se Amended Complaint and pleadings pursuant to F.R.C.P. 8(a).

1

A. Attendance Policy Allegation

The plaintiff alleges that the attendance policy was not being equally enforced amongst similar situated package handlers (employees) who had more than three absence during May 2, 2005 thru October 12, 2005 at the time of his employment. The plaintiff submits a Motion to Supplement the Record pursuant to F.R.C.P. 56, to make a complete record in this civil action and that raises genuine issues of material facts in dispute.

III. ARGUMENT

The pro se plaintiff is required only to pleaded statement pursuant to F.R.C.P. 8 and does not make legal conclusions Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

. The plaintiff provides in his Motion to Supplement the Record pursuant to F.R.C.P. 56(c)(2) provide sufficient evidence to survive a Motion to Dismiss pursuant to F.R.C.P. 12(a)(b) for failure to state a claim for which relief can be granted under Title VII and P.H.R Act.

The Statute of Limitation on a Title VII must be filed with 90 days of actual receipt of the right to sue letter. The Notice is dated but that raises issues as to when it was actually mailed and not just being dated as September 15, 2009. The EEOC usually send the right-to-sue letter by certified mail.
The plaintiff received the right-to-sue letter on September 26, 2009. The plaintiff has an physical disability that restricts him from walking, constantly in pain, severe arthritis, not able to type, depression, and stay on the computer anyone and unable to do major work life activities.
There was no access to household mail that placed in the mailbox, plaintiff's family were on vacation the week of the September 15, 2009 and there was no way for me to get mail until they returned and picked up the mail. There is no way I can determine when it was delivered, thus equitable tolling is applicable in this situation. The plaintiff is willing to submit to the judge medical proof that another judge ruled me disabled and that I always have to lie down. The plaintiff has utilized case law from prior civil action and thus wasn't able to do legal research due to his car accident , in which he has patella and acetabulum fractures held together with pins in his knees and hip. One leg is now higher than the other
The plaintiff is entitled to equitable tolling, because he filed an internal complaint and had to exhaust those remedies first prior to filing his complaint that tolls one year limitation period. Even so, the EEOC should have investigated all charges even not named in the complaint but in the text of other correspondence. This Court my consider claims not named in the Title VII and PHR Act complaint.

The plaintiff filed a retaliation cause of action under Title VII and PHR Act. The retaliation occurred October 6, 2009 after filed a internal complaint with FedEx Alert Line. Thereafter, on October 13, 2009 complaint was terminated after being told Ms.

2

Demarcuris would pick me up but failed to show up. I was informed by Service Manager that it is not there responsibility to provide transportation to work, but we will assist you. Ms Demacuris never should up and I called and was told I was terminated. The plaintiff Retaliation claim is support by 10 employee who had 4 or more absence shown in the attached appendix of exhibits in his Motion to Supplement the Record pursuant to F.R.C.P. 56.

The PHRC investigation established the first three retaliation burden of proof in its factual finding except for false pretext in his investigation. The 10 employees' employment records obtained from PHRC thru a subpoena clearly proves FedEx Ground was not enforcing its attendance policies until I filed a complaint. There were more that 4 absence by those employees, thus has established a claim for retaliation. (See Appendix). The plaintiff is not alleging she retaliated against me, but that retaliation occurred when the company began to enforce its attendance policies to terminate plaintiff because he filed a complaint.

The plaintiff did not discovered the cause of his defamation and other cause of actions until he received PHRC's investigative case file and discovered documents written by another employee, the supervisor wrote he had oral discussion and gave written warnings, but the record that are not chronological order suggest otherwise. The letter has been placed in my files without any knowledge it was there until know. This has a blemishing and defamatory affect that affects future employment. This Court can grant this request when the defendants engaged in fraudulent concealment I, in which plaintiff did not discover his cause of action at the time the occurrence occurred. Moreover, the complaint was filed in December of 2009 and docketed on the court's record. The amendment of a complaint does not render the defamation claim as untimely being filed on April 26, 2010.

WHEREFORE, the complaint was timely filed within 180 days from October 13, 2005 making April 2006 the 180 days and not March 27, 2006. The cause of actions in the complaint are all timely and trial should be held pursuant to Title VII and PHR Act.

Dated: June 18, 2010

Guy Marshall  
43 Oneida Drive  
Gouldsboro, Pa. 18424  
(570) 807-4987

Appendix 10 Employee' attendance records

3

IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GUY MARSHALL,
        Plaintiff,                            Case No. 3:09-cv-2531

-v                                              Judge Caputo
                                                  Magistrate Judge Carlson

FEDEX GROUND,
        Defendant.

## NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD WITH DOCUMENTED EVIDENCE

     Plaintiff moves before this Court for an Order granting this Motion to Supplement the Record With Evidence pursuant to F.R.C.P. 56. The plaintiff submits subpoenaed records from Pennsylvania Human relations Commission of employees attendance records from May thru October of 2010.

*Guy Marshall* (signature)
Guy Marshall
43 Oneida Drive
Gouldsboro, Pa. 18424
(570) 807-4987

1

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD

### ARGUMENT

The plaintiff argues that the F.R.C.P. 56(c)(2) allows the Court to consider the record, affidavit, interrogatories on record before granting Summary Judgment to determine whether there are any genuine issues of material facts in dispute. The plaintiff asserts that the Court should grant this Motion because the attendance policy was not being enforced and the attached employee attendance raise an disputed issue. Moreover, raise an retaliation issue as to enforcement of attendance policy after the filing of October 6, 2005 complaint with FedEx Alert internal complaint process. The plaintiff filed a complaint with PHRC and EEOC before the 180 days period.

WHEREFORE, this Court should accept the filing of the attached document included with the Reply Brief and Motion to Supplement the Record and deny the defendant's Motion to Dismiss

*[signature]*
Guy Marshall
43 Oneida Drive
Gouldsboro, Pa. 18424
(570) 807-4987

## CERTIFICATE OF SERVICE

      I certify that on this 18th day of June 2010, a copy of the Reply Brief and Motion to Supplement the Record was served upon Joseph P Milcoff, Counsel for FedEx Ground by regular mail.

Dated: June 18, 2010

                                                            Guy Marshall
                                                            43 Oneida Drive
                                                            Gouldsboro, Pa. 18424
                                                            (570) 807-4987