# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUY MARSHALL, | CIVIL ACTION NO. 3:09-CV-2531 |
| Plaintiff | |
| v. | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE CARLSON) |
| FEDEX GROUND PACKAGE SYSTEM, INC., | |
| Defendant | |

## MEMORANDUM

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation ("R&R") recommending that Defendant's motion to dismiss be granted in part and denied in part: Magistrate Judge Carlson recommended that the pendant state claim of defamation and the Title VII claims raised for the first time in the amended complaint be dismissed, and that the original retaliation claim be re-committed to the Magistrate Judge. For reasons to be discussed more fully below, this Court will adopt Magistrate Judge Carlson's recommendations.

## BACKGROUND

Plaintiff was formerly employed by FedEx Ground Packaging Systems ("FedEx"). In September 2005, he complained to a supervisor that female workers were being allowed to "get away with" not doing their work. (Compl., Exhibit A). Shortly thereafter, Plaintiff's workload assignment was restructured and, as a result, Plaintiff filed a complaint with FedEx's internal complaint office regarding this restructuring. At the end of October 2005, after receiving a warning earlier in the month about excessive absences, Plaintiff was fired for violating the company's attendance policy.

Following termination, Plaintiff filed an administrative complaint against FedEx with the Pennsylvania Human Rights Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC), in which he made two retaliation claims; Plaintiff claimed that both the warning he received and eventual termination were retaliation for his complaints of favorable treatment of female co-workers, in violation of 42 U.S.C. § 2000e-3(a). After receiving a "right to sue" letter on September 15, 2009, Plaintiff brought the instant suit, filing his complaint on December 24, 2009.[1] Plaintiff's complaint contained substantively the same allegations raised in the EEOC complaint.

Plaintiff then filed an amended complaint on April 26, 2010. (Doc. 19.) The amended complaint contained the original allegations, as well as broader allegations not found in the original EEOC or PHRC complaints and defamation claims based on state law. Defendant then filed a motion to dismiss the amended complaint on June 2, 2010. (Doc. 27.) On July 13, 2010, Magistrate Judge Carlson issued a Report and Recommendation that recommended that Defendant's motion to dismiss be granted in part and denied in part. Magistrate Judge Carlson recommended that 1) the state law defamation claim be dismissed since the statute of limitations had already run, 2) the additional discrimination claims be dismissed because they had not been contained in the original EEOC and PHRC complaints and therefore the administrative remedies had not yet been exhausted, and 3) the original retaliation claims that were contained in the administrative complaint be re-committed. Defendant filed an Objection to the R&R on July 29, 2010. (Doc. 36.) The Objection is

---

[1] Although Title VII plaintiffs must bring suit within 90 days of issuance of "right to sue" letter, the time period does not begin to run until plaintiff actual *receives* the letter. Plaintiff claims he didn't receive the letter until September 26, 2009, a point which Defense concedes solely for the purposes of the motion to dismiss. (Doc. 34.)

2

currently ripe for disposition.

## LEGAL STANDARD

**I.     Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**II.    Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

4

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

### **I.     Defamation Claims**

Plaintiff's defamation claims will be dismissed as time-barred. As a matter of Pennsylvania law, defamation claims are subject to a one-year statute of limitations set forth in 42 Pa.C.S. § 5523(1). Since the allegedly defamatory statements were made in March 2006, they fall well outside the one-year limitation period, as the original complaint was not filed until December 24, 2009.

### **II.    Title VII Claims First Raised in Amended Complaint**

Plaintiff's race and sex discrimination claims first raised in the amended complaint will be dismissed because the Plaintiff has failed to properly exhaust his administrative remedies with respect to these claims. Under Title VII, employees should first look to administrative relief for their grievances. "It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *McKart v. United States*, 395 U.S. 185,193 (1969). While Plaintiff did file his original grievance with the EEOC and PHRC before filing his suit in federal court, his amended complaint stated claims of racial and sexual discrimination that were much broader and not

5

contained within his administrative filings. Having therefore failed to exhaust his administrative remedies on these newly raised claims, Plaintiff's additional race and sex discrimination claims will be dismissed.

**III.     Title VII Retaliation Claims Raised in EEOC Filings**

Title VII provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

To establish a prima facie case of retaliation, a plaintiff must allege: (1) that he engaged in protected conduct; (2) that he was subject to an adverse employment action subsequent to such activity; and (3) that a causal link exists between the protected activity and the adverse action. *See Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir.1989). Following the statutory language, "protected conduct" has been further parsed by the courts into a "participation clause" and an "opposition clause." *Slagle v. County of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006). Other courts in the Third Circuit have held that informal, internal complaints fall within the ambit of the "opposition clause" as opposed to the "participation clause." *See Washco v. Federal Express Corp.*, 402 F. Supp. 2d 547,556 (E.D.Pa. 2005) (holding that while plaintiff's participation in defendant's internal investigation was not protected participation, plaintiff's statements were considered protected opposition). "Whether the employee opposes, or participates in a proceeding against, the employer's activity, the employee must hold an objectively reasonable belief, in good faith, that the

6

activity they oppose is unlawful under Title VII." *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006) (citing *Clark County v. Breeden*, 532 U.S. 268, 271 (2001)).

Turning to the instant suit, Plaintiff has made a prima facie case for a Title VII retaliation claim. First, he made a complaint about gender discrimination to his supervisor. Defendant contends that this complaint was baseless, since Plaintiff was discussing a supervisor, rather than a co-worker. However, Defendant has not shown that the Plaintiff lacked good faith in making this complaint or that his belief was objectively unreasonable. (Doc. 36.) Second, the Plaintiff alleged that he was subject to adverse employment actions following the complaints, namely he was disciplined and then terminated. (Compl., Exhibit A.) Third, Plaintiff has alleged a causal connection between the protected activity and the adverse employment action given the closeness in time between the incidents as well as his allegation that co-workers were not terminated for similar infractions of FedEx's absence policy.

## **CONCLUSION**

For the foregoing reasons, this Court will adopt Magistrate Judge Carlson's recommendations. Plaintiff's defamation claims will be dismissed as time barred, the claims raised by Plaintiff for the first time in his amended complaint will be dismissed for failure to exhaust administrative remedies, and the remaining claims will be re-committed to Magistrate Judge Carlson for further proceedings. An appropriate Order follows.

| | |
|---|---|
| 09/07/10 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GUY MARSHALL, | CIVIL ACTION NO. 3:09-CV-2531 |
| Plaintiff | |
| v. | (JUDGE CAPUTO) |
| FEDEX GROUND PACKAGE SYSTEM, INC., | (MAGISTRATE JUDGE CARLSON) |
| Defendant | |

## ORDER

**NOW**, this 7th day of September, 2010, after consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. 36), and of Plaintiff's objections to the Magistrate Judge's Report (Doc. 36), **IT IS HEREBY ORDERED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. 35) is **ADOPTED**.

(2) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 36) are **OVERRULED**.

(3) This case is **RECOMMITTED** to Magistrate Judge Carlson for further proceedings consistent with this opinion.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge